
**Date signed April 06, 2005**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| In Re: * | |
| **Frank Ellsworth DeVille,** * | /s/ Paul Mannes |
| * | **PAUL MANNES** |
| * | **U. S. BANKRUPTCY JUDGE** |
| Debtor. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   \*

## MEMORANDUM OF DECISION

Before this court is the Trustee's Motion for Reconsideration of Order Sustaining the Trustee's Limited Objection to Debtor's Claim of Exemptions. The Trustee's motion will be granted.

### Background

Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Merrill Cohen, the Chapter 7 Trustee, objected to the Debtor's claim of an exemption of property located in the U.S. Virgin Islands (the "Virgin Islands Property"), described in the Debtor's schedules as "Vacant Lot - US Virgin Islands; Plot 48 Estate River, Prince Quarter, St. Croix, U.S.V.I.."

The deed conveying Debtor's interest to him conveys the Virgin Islands Property to "Curtis Eugene and Stephanie A. Eugene, husband and wife, and Gwendolyn V. Deville and Francis E. Deville, husband and wife .... (collectively, "Grantee")." The habendum clause reads as follows: "To have and to hold the Property unto Grantee, as joint tenants with the right of survivorship, in fee simple forever."

Debtor scheduled the one-half interest in the Virgin Islands Property as being held with

his wife as tenants by the entireties.   The other half of the property is owned by the Debtor's daughter and son-in-law.  An attachment to Schedule A indicates that the Debtor is claiming an exemption to the extent of non-joint debts or tax liabilities only.

The Trustee asserts that the deed created a joint tenancy, rather than a tenancy by the entirety, as between the Debtor and his wife.  The Debtor argues that his assertion of an exemption based upon tenancy by the entireties is correct inasmuch as "the deed at hand created a joint tenancy between two married couples[,] each of whom held their undivided one-half share in a tenancy by entirety with their marital partner."

This court's order entered January 25, 2005, that the Trustee seeks reconsidered, limited the Trustee's objection so that the Debtor's interest in the property was subject to joint claims against both spouses, and not subject to individual claims against the Debtor pursuant to the holding of *In re Bunker*, 312 F.3d 145 (CA4 2002).

In this motion for reconsideration, the Trustee requests that his objection be sustained without limitations, arguing again that the deed to the Virgin Islands Property created a joint tenancy among the Debtor, his wife, and the Eugenes.  If the property were held in a joint tenancy, then the court will apply the reasoning of such cases as *In re Panholzer*, 36 B.R. 647 (BC Md. 1984) and *In re Monroe*, 2003 WL 22038534 (BC Md. Aug. 25, 2003).  The filing of a bankruptcy case by a joint tenant effects a severance of the joint tenancy by the conveyance of that tenant's interest in the joint tenancy to the bankruptcy estate.  The joint tenants then become tenants in common.  *Alexander v. Boyle*, 253 A.2d 359, 364 (Md. 1969).  In a joint tenancy, unlike a tenancy by the entireties, a joint tenant may convey her interest in real estate by deed. *See U.S. v. Craft*, 535 U.S. 274, 281 (2002).  Consequently, the Trustee as a tenant in common can seek partition of the subject property unlike creditors of one of two tenants by the entirety.

Discussion

Under the law of the U.S. Virgin Islands, "[a] conveyance ... of real property to a husband and wife jointly creates an estate by the entirety unless otherwise provided in the deed[.]"  28 Virgin Islands Code Chapter 1 (Estates and Properties Generally) § 7(c).  "[B]y the express terms of the statute, in the absence of language indicating a contrary intent the conveyance, being to husband and wife jointly, i.e., as grantees of the same property joined as such in the same deed, must be construed as conveying the property to them as tenants by the entirety and not as tenants in common."  *Masonry Prods., Inc. v. Boyce Construction Supplies*, 280 F. Supp. 654, 656 (D. V.I. 1968).  Accordingly, the central inquiry in the matter at hand is whether the language contained in the deed to the Virgin Islands property rebuts the statutory presumption in favor of the creation of a tenancy by the entirety.

This court is unable to locate any U.S. Virgin Islands case law on point, so the court will look to Maryland law, which also presumes the creation of a tenancy by the entireties when real property is conveyed to a husband and wife.  "There can be no doubt that in Maryland, a conveyance to husband and wife, without restrictive or qualifying words, creates a tenancy by the entireties."  *Kolker v. Gorn*, 67 A.2d 258, 260 (1949).  *See also In re Allnutt*, 220 B.R. 871, 891-92 (BC Md. 1998) (discussing presumption in favor of tenancy by the entirety under Maryland law).  Under Maryland law, however, "the use of the words 'as joint tenants' [is] sufficient to rebut the presumption" in favor of the creation of a tenancy by the entirety.  *Kolker*, 67 A.2d at 260 (*citing Fladung v. Rose*, 58 Md. 13 (1882)).

In *Kolker*, *supra*, the property was conveyed to "'John M. Gorn, Samuel G. Gorn and Margaret A. Gorn, his wife, as joint tenants, and not as tenants in common'" and the habendum clause was to "'the parties of the second part as joint tenants, and not as tenants in common[.]'"

The trial court ruled that Samuel G. Gorn and his wife owned one-half of the subject property as tenants by the entireties. In reviewing the trial court's ruling, the appellate court noted that, when property is conveyed to a married couple and a third party *without qualifying words*, "it is the common-law rule that husband and wife take one-half as tenants by the entireties and the third party takes the other half as tenant in common." *Id*. at 261 (citations omitted). The court, however, opined that the use of the phrase "joint tenants" justified a different result:

> [W]e find nothing in the instrument, other than the descriptive word "wife", to indicate an intention that the joint tenancy should exist between the first-named grantee and the other two. Since we have held that the use of the words "joint tenants" rebuts the presumption arising from the word "wife", or the fact that the grantees are husband and wife, we find no basis in the language itself for severing the tenancy into two different types. The qualifying words seem clearly applicable to all three parties[.]

*Id*. at 261. The court ultimately concluded that the evidence offered at trial permitted "an inference that the husband and wife were intended by all parties to take a one-half interest as tenants by the entireties" and that such evidence was admissible. *Id*. at 262. Thus, the court affirmed the trial court's judgment on the ground that its findings were not clearly erroneous. *Id*. *Compare Daniel v. Wright*, 352 F. Supp. 1 (D. D.C. 1972) (conveyance to "Herbert L. Wright and Mattie G. Wright, his wife, and Pauline E. Liner ... as joint tenants" granted a one-half interest as tenants by the entirety to husband and wife, where extrinsic evidence demonstrated that the parties intended this result).

In the instant matter, the language of the deed is ambiguous with regard to the type of tenancy created. Although the introductory paragraph indicates that the property is being conveyed to each married couple as husband and wife, the habendum clause specifically states that "the Grantees" will own the property as joint tenants with the right of survivorship. The deed could be construed as creating two different types of tenancies, so that each couple held their one-half interest in the property as tenants by the entirety but a joint tenancy existed as

between the two couples. Based upon the reasoning of such cases as *Kolker*, however, this court finds that the use of the words "joint tenants" in the Virgin Islands Property deed rebuts the presumption created by use of the words "husband and wife" therein.

In rendering this decision, the court can only guess how a court of the U.S. Virgin Islands would decide this issue. There are no reported decisions on point. Certainty can come only from a court of competent jurisdiction of the U.S. Virgin Islands after reference to it for advice under the Uniform Certification of Questions of Law Act. But the legislature of the U.S. Virgin Islands has not adopted either version of that Act.

The court will grant the Trustee's motion for reconsideration and sustain his objection to the claim of exemption of the subject property. An appropriate order will be entered.

**End of Memorandum**